The People of the State of New York, Respondent,
against
Keen W. Fenton, Appellant.




New York City Legal Aid Society, (Steven J. Miraglia of counsel), for appellant.
Queens County District Attorney, (John M. Castellano, Johnnette Traill and Anastasia Spanakos of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Ernest F. Hart, J.), rendered June 30, 2015. The judgment convicted defendant, after a nonjury trial, of public lewdness.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged with public lewdness (Penal Law § 245.00). At a nonjury trial, a witness testified that, at approximately 4:25 p.m. on April 7, 2014, he had been walking through Rufus King Park in Queens, on his way to work, when he had observed defendant rubbing his exposed penis. Defendant was about five feet away from where the witness was walking. Defendant was sitting on a bench near a handball court and was wearing a blue jacket, gray pants, and a military-style camouflage hat. There were about six teenage girls dancing in front of defendant at the time. The witness also saw a woman with a stroller and three small children, and he tried to warn the woman in Spanish about defendant, but she kept walking. After one or two minutes, the witness, who was then about 15 steps away from defendant, took out his cell phone and began recording. Defendant's hands were in his crotch area, "right in his zipper," making "a rapid motion under his jacket." The witness called 911 and told the operator that he saw a man with his hands inside his zipper masturbating. The witness noticed that defendant's cell phone case was orange in color. The witness then observed defendant walk toward a basketball court, near a young teenage couple. Defendant "was standing with his hands in his crotch area playing with himself while he was standing" about 20 to 30 feet from the couple.
The arresting officer testified, among other things, that he had "a very accurate description" of the perpetrator, that had been relayed over the radio from the 911 caller, of a man wearing gray sweat pants, a navy blue jacket, and a military-style fatigue hat. The man also had a cell phone with an orange case. The officer saw "someone fitting that exact description" sitting [*2]on a park bench with his hand in his lap and holding an orange cell phone. The officer identified that person in court as defendant. As the officer and his partner walked toward defendant, defendant placed his hands behind his back and turned around. Defendant was handcuffed and arrested.
The defense rested without presenting any evidence. Following the trial, the Criminal Court found defendant guilty of public lewdness. On appeal, defendant contends that his guilt was not established beyond a reasonable doubt and that, in any event, the guilty verdict was against the weight of the evidence.
A person is guilty of public lewdness when, among other things, "he intentionally exposes the private or intimate parts of his body in a lewd manner or commits any other lewd act (a) in a public place" (Penal Law § 245.00). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish defendant's guilt of public lewdness beyond a reasonable doubt. The eyewitness provided a detailed account of defendant's actions. The officer confirmed the detailed description of defendant's clothing and cell phone. Moreover, upon a review of the record, we find that the guilty verdict was not against the weight of the evidence (see People v Chang-Correa, 53 Misc 3d 126[A], 2016 NY Slip Op 51311[U] [App Term, 1st Dept 2016]).
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 04, 2018